IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 27 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

RUBEN VASQUEZ,                    §
                                  §
            Plaintiff,            §
                                  §
VS.                               §    NO. 4:14-CV-108-A
                                  §
SHERIFF DEE ANDERSON, ET AL.      §
                                  §
            Defendants.           §


MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is a complaint

pursuant to 42 U.S.C. § 1983 filed in the above-captioned action

by plaintiff, Ruben Vasquez,[1] naming as defendants Sheriff Dee

Anderson ("Anderson"), Capt. E. Pedigo ("Pedigo"), Executive

Chief Bob Knowles ("Knowles"), C.O. Lt. Hooper ("Hooper"),

Investigator L.A. Watts ("Watts"), and Executive Director Brandon

S. Wood ("Wood"). Having considered the complaint, plaintiff's

exhibits,[2] and applicable legal authorities, the court concludes

that the action should be dismissed.[3]

---

[1] The court notes that although plaintiff declared in his complaint, under penalty of perjury, that he had not file any other lawsuits in state or federal court relating to his imprisonment, a review of the court's records shows that plaintiff has previously filed both federal and state lawsuits regarding his imprisonments.

[2] Several days after plaintiff filed his complaint, he filed a motion for entry of exhibits, which the court is accepting as exhibits or attachments to plaintiff's complaint.

[3] The court notes that plaintiff also filed a motion for partial summary judgment, a petition for removal of his state case, and a request for class action status. However, because plaintiff's action is

I.

## The Complaint

In his complaint, and the supporting memorandum, plaintiff alleges that Hooper, who is a corrections officer at Tarrant County Jail, removed plaintiff from trusty status "without Just cause without any evidence of inappropriate behavior or misconduct without Due Process." Memo. at 8. Plaintiff claims that such removal has caused him to revert back to earning "2 for 1 day served in custody" rather than the "3 for 1 day" he received while on trusty status. Id. at 6. Plaintiff asserts violations of due process and equal protection under § 1983, conspiracy under §§ 1985 and 1986, and violations of various other state and federal laws. Plaintiff is seeking a declaratory judgment, an injunction, a temporary restraining order,[4] and "any other relief this court deems appropriate." Memo. at 12.

---

being dismissed, the court need not address these motions.

[4] Plaintiff requests that the court issue a temporary restraining order against "the sheriff and its subordinates." Memo. at 12. However, even if the court were to construe this request as an application for a temporary restraining order, the complaint fails to allege any of the elements that would entitle plaintiff to such an order. See Enrique Bernat F., S.A. v. Guadalajara, Inc., 210 F.3d 439, 442 (5th Cir. 2000).

II.

## Evaluating the Complaint Under 28 U.S.C. § 1915A

Plaintiff is incarcerated in the Tarrant County Jail. As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

Although pro se complaints and arguments must be liberally construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), "[a] plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989).

3

Having now considered plaintiff's claims and causes of action against defendants, the court concludes that they should be dismissed under the provisions of 28 U.S.C. § 1915A.

III.

Analysis

A.   Section 1983 Claims

1.   Due Process

Plaintiff's allegations fail to state a due process claim under 42 U.S.C. § 1983.  Plaintiff claims that Hooper violated Tarrant County Jail policy by removing plaintiff from trusty status without due process, and that the other defendants either knew, or should have known, about the violation and failed to correct it.  "In order to demonstrate a procedural due process violation, [plaintiff] must first identify a constitutionally protected liberty interest," Sylvester v. Cain, 311 F. App'x 733, 735 (5th Cir. 2009) (citing Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972)), and plaintiff has no constitutionally cognizable liberty interest in his trusty status.  Walker v. Buentello, 149 F. App'x 286, 287 (5th Cir. 2005) (citing Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995); Jackson v. Cain, 864 F.2d 1235, 1247 (5th Cir.1989)).  Further, violation of state law and prison regulations alone is insufficient to state a constitutional claim under § 1983.  Giovanni v. Lynn, 48 F.3d

4

908, 912 (5th Cir. 1995); see also Sylvester, 311 F. App'x at
735.  Therefore, plaintiff has failed to state a due process
claim under 42 U.S.C. § 1983.

Further, plaintiff has failed to allege a sufficient factual
basis against Anderson, Pedigo, Knowles, Watts, and Wood.
Plaintiff claims that "Sheriff, Dee Anderson, LT. Hooper, and its
subordinates all acted in 'concert' from a nucleas of operative
facts and they 'knew or should have known' that their conduct and
mistreatment were illegal and unlawful."  Memo. at 8.  However,
plaintiff does not identify any such actions made "in concert."
In his complaint, plaintiff alleges that Anderson "was in a
position to correct the violation."  Compl. at 3.  As to Pedigo,
plaintiff alleges that he "knew or should have known that his
subordinates were unlawful misconduct [sic]."  Id.  Similarly,
plaintiff asserts that Knowles "knew their actions were illegal
by its subordinates but failed to act on;" that Watts "recognized
a violation of Policys [sic] by state actors but failed to
correct;" and that Wood "failed to address violations within
their own Policy."  Id.  Plaintiff does not state how each of
these defendants became aware of Hooper's actions regarding
plaintiff nor what he believes each should have done, but failed
to do, in response.  Plaintiff's conclusory allegations are
insufficient to state a claim under § 1983.  See Arnaud, 870 F.2d

at 307 ("A plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought.").

In sum, plaintiff has failed to state a due process claim under § 1983, and such claim must be dismissed.

2.  <u>Equal Protection</u>

Plaintiff has also failed to state an equal protection claim under 42 U.S.C. § 1983. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." <u>Williams v. Bramer</u>, 180 F.3d 699, 705 (5th Cir. 1999) (citation omitted). "The existence of a discoverable group or classification antedating the challenged state action is a <u>sine qua non</u> for proving purposeful discrimination." <u>Johnson v. Rodriquez</u>, 110 F.3d 299, 307 (5th Cir. 1997).

Plaintiff asserts that "because he is a member of a Protected Class, the defendants acted with a discriminatory purpose to intentionally violate the Plaintiff's Civil Rights with their unlawful conduct." Memo. at 10. However, plaintiff has failed to identify the existence of any discoverable group or classification which has been the object of intentional

discrimination.  Plaintiff asserts that "the state's actors
intentionally discriminated against him because of membership in
a protected class (inmate)."  Memo. at 9.  Although prisoners are
a class within the general population, "prisoners <u>qua</u> prisoners"
are not a discoverable class.  <u>Johnson v. Rodriguez</u>, 110 F.3d
299, 307 n.10 (5th Cir. 1997).  Likewise, plaintiff's claim that
"other inmates who violate Disciplinary Rules subjected to
sanctions are afforded due Process and rights to confrontation of
their accusers," Memo. at 9, fails to identify any discoverable
class upon which he can base his equal protection claim.

Further, plaintiff's assertion that "[t]he majority of
Inmates selected for the priviledge [<u>sic</u>] of 'trusty' are inmates
who have no liberty interest in early release such as Parole
violaters and inmates waiting for transfer to T.D.C. thus
discriminatory in nature," Memo. at 9, also falls short of
stating an equal protection claim.  The fact that many of the
inmates given trusty status are parole violators and inmates
waiting for transfer does not establish that any of the
defendants have intentionally discriminated against a specific,
identifiable subclass of prisoners.  <u>See</u> <u>Johnson</u>, 110 F.3d at 306
("The Supreme Court has instructed us time and again, however,
that disparate impact alone cannot suffice to state an Equal
Protection violation; . . . . a party who wishes to make out an

7

Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the state action which caused the complained-of injury."). Accordingly, plaintiff has failed to a state a claim for violation of his equal protection rights.

Further, as with his due process claim, plaintiff has failed to allege a sufficient factual basis for his equal protection claim as to Anderson, Pedigo, Knowles, Watts, and Wood. Although plaintiff claims that the selection of inmates for trusty status is discriminatory in nature, he does not explain what role, if any, these defendants have in that selection process, nor does he explain how defendants "acted in 'concert'" in any way. Such conclusory allegations are insufficient to state a claim under § 1983. See Arnaud, 870 F.2d at 307.

Therefore, plaintiff's equal protection claim fails and must be dismissed.

B.   Sections 1985 and 1986 Claims

Plaintiff makes the following statement in his memorandum, under the heading "42 U.S.C.S. 1985 and 1986":

> Action for neglect to prevent conspiracy for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented, where plaintiff has prevailed to State cause of action under § 1983.

Memo. at 3. "To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more

persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." Hilliard v. Ferguson, 30 F.3d 649, 652-53 (5th Cir. 1994).

Plaintiff states that "Sheriff, Dee Anderson, LT. Hooper, and its subordinates all acted in 'concert' from a nucleas of operative facts and they 'knew or should have known' that their conduct and mistreatment were illegal and unlawful." Memo. at 8. However, plaintiff has alleged no act in furtherance of any conspiracy by defendants. Further, plaintiff has alleged no race or class-based animus for defendants' actions. See Bryan v. City of Madison, Miss., 213 F.3d 267, 276 (5th Cir. 2000). Therefore, plaintiff's claims under both § 1985 and § 1986 fail and should be dismissed. See id. ("[A] valid § 1985 claim is a prerequisite to a § 1986 claim.").

C.   Other Claims

Plaintiff alleges that "the Sheriff and its subordinates arbitrarily and capriciously denying [sic] him good time credits already earned and entitled." Memo. at 10. However, even if plaintiff's claim can be construed as one relating to a loss of good time credits subsequent to his removal from trusty status,

9

such credit cannot be recovered in a § 1983 action.  Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998).

Further, plaintiff also claims that he is entitled to relief under the Texas Constitution, the Texas Rules of Civil Procedure, and the Texas Code of Criminal Procedure because the defendants' actions are "criminal in nature" and "he is a victim of a crime." Memo. at 11.  However, none of the authorities cited by plaintiff entitle him to any relief in this action.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against defendants in the above-captioned action be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b).

SIGNED March 27, 2014.

JOHN McBRYDE
United States District Judge